## CARY MFG. CO. v. STANDARD METAL STRAP CO.

(Circuit Court, S. D. New York. January 13, 1902.)

1. PATENTS—INFRINGEMENT—BOX-STRAP REEL—ANTICIPATION.

Cary patent, No. 403,247, dated May 14, 1889, for a reel for box straps, *held*, in view of a partial anticipation by Fleisher's reissued patent, No. 9,019, dated January 6, 1880, not to be infringed by defendant's reel.

2. SAME—SALE—INNOCENT PURPOSE—EFFECT.

While one selling a patented device for a use which would be an infringement might be liable as a participator, he would not be liable for an improper use made by the purchaser afterwards, and not contemplated in making the sale.

In Equity.

A. G. N. Vermilya, for plaintiff.
W. P. Preble, Jr., for defendant.

WHEELER, District Judge. This suit is brought upon patent No. 403,247, dated May 14, 1889, and granted to Spencer C. Cary for a reel for box straps, consisting of a spool to coil the strap on, and arms from the ends of the spool, with holes through them there for a pin or nail for an axle, and at the outer ends for a pin or nail to hang it on for a support. The specification says:

"By this means the framed reel is held firmly in position on the support, and the spool and coil are free to revolve on the shaft, c, of the former in unreeling the strap. Furthermore, the fastening nails, together with the hollow shaft, c, may be made to serve to draw or hold the sides, d, d¹, of the frame closely to the edges of the strap coil, so as to hold the strap from uncoiling without the exertion of force by the operator on the free end of the coil."

The claim in question is for:

"(2) A reel for metal box straps, consisting of a spool, C, adapted to have the metal strap coiled upon it, an axle, c, upon said spool is journaled, and a frame, D, composed of parallel arms, d and d¹, in which said axle is mounted, and which extend diametrically across said spool, and reach in opposite directions beyond the rim thereof, as described, and are united at their outer ends, and therein have the respective corresponding openings, d³ and d⁴, adapted to receive fastening pins, substantially as and for the purpose set forth."

The patent is more fully set forth in Manufacturing Co. v. De Haven (C. C.) 88 Fed. 698, at page 701, where the conclusion was

reached on what was then before the court that the second claim was valid because of the braking of the coil in unwinding by driving the nails into the support, and thereby binding the coil. Judge Lacombe there said: "The patent is an extremely narrow one. It would not be infringed by defendant's device if the latter had its arms rigid against compression, so that they could not act as a brake." Here the defendant has shown, among others, Fleisher's reissued patent, No. 9,019, dated January 6, 1880, for a similar reel for coils of braid, in which an elastic band over the outer ends of the arms in notches for drawing them together is specified. This narrows the patent still further. In the defendant's reel the arms are slotted, and the coil rests upon its lower edge for braking, and the arms would not brake unless the user should drive the outer nail or pin deep enough to bind the coil between the arms there; the moving center not permitting the pin, or whatever is used for an axle, to be driven into the support for that purpose. So there does not now appear to be sufficient scope left of the plaintiff's patent to cover the defendant's reel as it is furnished to users. The outer holes are for hanging it up, and not for braking in unwinding; and there are no central pins or nails to be driven into the support for binding the arms together upon the coil to brake it in unwinding. The defendant, by selling for an intended use that would be an infringement, might be liable as a participator, but not for a use by a purchaser afterwards not contemplated in making the sale. The driving of the outer nail or pin further to accomplish what was otherwise well provided for would not seem to be so within the purpose of the defendant as seller as to warrant a decree against such sales.

Bill dismissed.