### CARY MFG. CO. v. STANDARD METAL STRAP CO.

(Circuit Court of Appeals, Second Circuit. January 15, 1903.)

#### No. 39.

1. PATENTS—INFRINGEMENT—PARTS HAVING DIFFERENT FUNCTIONS.

Where in a patented reel for box straps nail holes were punched in the frame for the purpose of fastening it to a support when required, and the nails were also used to effect a brake action on the strap coil, the nail holes were patentable only in respect to the latter function, there being no invention in making them for the former purpose; and the patent is not infringed by a reel having similar nail holes for fastening purposes, but which is equipped with a different and noninfringing brake.

2. SAME—REEL FOR BOX STRAPS.

The Cary patent, No. 403,247, for a reel for box straps, construed, and *held* not infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 113 Fed. 429.

A. G. N. Vermilya, for appellant.

W. P. Preble, Jr., for appellee.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

TOWNSEND, Circuit Judge. This is an appeal from the decree of the United States Circuit Court for the Southern District of New York dismissing complainant's bill for infringement of patent No. 403,247, granted to Spencer C. Cary May 14, 1889, for a reel for box straps. This patent has already been discussed in the suit of this complainant against De Haven (C. C.) 88 Fed. 698, where the court held that the patent was an extremely narrow one, and was infringed by defendant. In the case at bar the court below reached the same conclusion, and held that the effect of the new evidence of the state of the prior art was to further narrow the patent.

The second claim—the only one in suit—comprises a reel, consisting of a spool mounted on a hollow axle, and a frame, composed of two parallel arms extending diametrically across said spool in opposite directions and beyond its rim, and which are united at their outer ends, and have openings in said outer ends adapted to receive fastening pins. The only novel element in this construction consists of the nail holes in the outer ends of the frame, which may be used both in fastening the reel to a support, and in braking the strap coil by loosening or tightening the pressure of the arms thereon. The frame in defendant's reel is slotted from the center downwardly, in order to permit the strap as it is unwound to descend and rest upon the bottom of the frame or support, which thus acts as a brake. In the patented device the brake action may be effected by means of the nails exerting side pressure on the frame; in defendant's device by a slot and gravity. But because one form of defendant's device has also nail holes at the outer ends of said frame, by means of which the reel may be fastened to a support, complainant claims that it infringes the patented device. This contention is urged on the theory that "those holes are for anything for which they can be used without change, and, since they are exactly such holes as those of the claim of the patent, arranged just as those holes are arranged, and combined with exactly such other elements, they come within that claim, whether defendant so uses them or not." We cannot assent to this view. The defendant has provided its reel with an independent, noninfringing brake device, which apparently is satisfactory and sufficient for all practical braking purposes. It has thereby dispensed with the necessity of infringing the patented brake device. It has also provided in the appropriate place nail holes, the usual means employed where it is desired to fasten a device to a support. The patentee acquired no monopoly in his construction for this latter purpose. As Judge Lacombe said in the former case: "It certainly was not invention to punch nail holes in the arms so as to fasten the device against a post." The mere fact that the nail holes provided for a legitimate purpose might possibly be perverted to an illegitimate use is not, in these circumstances, sufficient to support the charge of infringement.

The decree is affirmed, with costs.