CARY MFG. CO. v. PATTERSON BROS.

(Circuit Court, S. D. New York. January 6, 1904.)

1. PATENTS—INFRINGEMENT—REEL FOR BOX STRAPS.

The Cary patent, No. 403,247, for a reel for metal box straps, in which the arms of the frame may be tightened upon the coil to act as a brake, shows invention as to such feature of the combination, and is valid; also, *held* infringed.

This is an action to restrain the alleged infringement by defendant of letters patent No. 403,247, dated May 14, 1889, issued to Spencer C. Cary, and assigned to and now owned by the complainant. The bill of complaint alleges that the defendant, without license or allowance, has used and vended, and is using and vending, the said invention aforesaid set forth and claimed in said letters patent, and threatens to continue so to do in defiance of the complainant's rights and to its irreparable loss and injury. The complainant also demands an accounting.

A. G. Vermilya, for complainant.
W. P. Preble, Jr., for defendant.

RAY, District Judge. The claims set forth in the patent in suit are as follows:

"(1) A reel for metal box straps, consisting of a spool, C, adapted to have the metal strap coiled upon it, a hollow axle, c, upon which said spool is journaled to turn freely, and by which the reel may be secured upon a support, and a frame, D, composed of the parallel arms, d and d', in which the said axle is mounted, and which extend radially therefrom alongside of and beyond the rim of said spool, as described, and are united at their outer ends, and therein have the corresponding openings, $d^3$, adapted to receive a fastening pin, substantially as and for the purpose specified.

"(2) A reel for metal box straps, consisting of a spool, C, adapted to have the metal strap coiled upon it, an axle, c, upon which said spool is journaled, and a frame, D, composed of parallel arms, d and d', in which said axle is mounted, and which extend diametrically across said spool, and reach in opposite directions beyond the rim thereof, as described, and are united at their outer ends, and therein have the respective corresponding openings, $d^3$ and $d^4$, adapted to receive fastening pins, substantially as and for the purpose set forth."

In the specifications the patent says:

"My invention relates to metal straps for packing boxes, and it consists in a reel for such box straps composed of the parts and devices hereinafter particularly described, and constructed and arranged to operate to hold coiled upon it the metal box strap, and to permit the uncoiling thereof therefrom, as hereinafter set forth."

The main difference between claims 1 and 2 is that in claim 1 the axle holding the spool upon which the box strap is coiled is hollow, while in claim 2 nothing is said whether the axle is hollow or otherwise.

The device consists not only of the spool journaled to revolve freely upon the shaft, but of a frame which consists of two arms extending from the shaft parallel to each other to a point beyond the line of the circumference of the intended coil of strap upon the spool, and these arms are united together at their extended or outer ends. In the outer end of each arm is an opening registering with each other in both arms. The specifications say that this frame may be conveniently formed of a metal band bent upon itself flatwise about midway its ends to constitute the two parallel arms, and the shaft may be seated in the free ends of the band, the openings being punched in the band near its bend. These arms are sufficiently distant from each other to permit the spool journaled on the shaft to revolve on its shaft between them. The specifications then say that a box strap of metal is coiled flatwise on the spool, and when the coil is complete a pin or nail may be forced into the corresponding openings above described in the outer end of the frame, so that the end of the coil may rest against or be turned backward over said pin as shown, and the resiliency or spring-like action or tendency of the entire coil acts to press the strap end against said pin snugly, and hold the coil firmly in position on the spool and in the frame. Thus coiled and held, the strap is adapted for transportation.

The specifications say that it is designed and intended that the coiled strap in the described frame-reel shall be mounted, at the place where it is severed into definite desired lengths for sale or use, upon some convenient support, as the side of a shop counter or a post. To accomplish this the reel is mounted upon a support by driving a nail or pin through the hollow shaft and into the support, and driving a nail or pin through the corresponding openings in the frame and into the support. By this means the framed reel is held firmly in position on the support, and the spool and coil are free to revolve on the shaft in unreeling the strap. The specifications say, in substance, that furthermore these fastening nails, together with the hollow shaft, may be made to serve to draw or hold the sides of the frame closely to the edges of the strap coil, so as to hold the strap from uncoiling without the exertion of force by the operator on the free end of the coil, and that the strap coil will also, by its resiliency as it is uncoiled, when not held by the frame, be carried against and held by the pin, and prevented from unreeling.

It will be noticed that in these specifications the pressure by means of the nails or pins of the frame against the coiled box strap is made to serve the purpose of a brake, so that by loosening the nail or pin the pressure of the frame against the coiled strap is released, and the coil

strap freely unwinds, and, when the desired amount is unwound, by pressing in the pin or nail, and thus renewing the pressure of the frame against the remaining coil strap, further unwinding is prevented.

In the construction described in this patent and the specifications the pressure of the frame against the coiled box strap so as to produce the brake action is produced by the nail or, pin passing through the holes mentioned at points between the spool journaled upon the shaft and the ends of the frame, and these nails when in place serve a double purpose, viz., pressed in or loosened they act in connection with the frame as a brake, and they also furnish a means upon which the end of the coiled strap may rest, or around which it may be bent, thus preventing further unwinding. These nails or pins also serve a third purpose, which is to aid in holding and sustaining the frame holding the coiled wire upon or against its support, such as the side of a shop counter or a post.

The defendant in its construction, which is claimed to be an infringement of the complainant's letters patent, has substantially copied and imitated this entire construction in substance, except that the frame, consisting of two arms extending from the shaft parallel with each other to a point beyond the line of the circumference of the intended coil of strap upon the spool, and which are united together at their extended or outer ends, are still further extended after coming together in close contact with each other, but at a short distance from the support, as the post or counter upon which the reel is mounted, and the holes for the nails or pins are made in this further projection or extension of the frame. By putting the nails or pins through the holes in this further extension of the frame, and pressing such nail or pins into the support, the outer arm of the frame is drawn taut and firmly against the side of the coil of box strap, and such box strap is thereby effectively braked and prevented from further uncoiling. It will be seen that by extending the arms of the frame in close connection with each other after they have been brought together, and putting the holes for the nails or pins in this extension, the defendant has an effective substitute for the brake feature of the complainant's patent. So far as this feature of the patent is concerned, the defendant secures the same result by the same means, operating in the same manner, except that the location of the holes for the pins or nails and the location of these pins or nails is changed.

This patent was before the court in Cary Mfg. Co. v. De Haven (C. C.) 88 Fed. 698, where the drawings and specifications are set forth in full, and it was there held:

"Nowhere in the prior art, however, is there found the device for braking whereby the arms (meaning arms of the frame) are tightened upon the coil or loosened if required. In view of the evidence as to the favorable reception accorded by the trade to the Cary reel, I am not prepared to hold that there was no invention in his combination, which obtains from the old instrumentalities this novel function, besides their old and obvious ones. The patent is an extremely narrow one. It would not be infringed by defendant's device if the latter had its arms rigid against compression, so that they could not act as a brake; but, on the proof as it stands, the combination of claim 2 seems to exhibit patentable novelty, and it is certainly convenient and useful. The claim does not specifically set forth this element of the combination functionally, but the reference therein to the 'openings therein, $d^3$ and $d^4$, adapted to

receive fastening pins, substantially as and for the purpose set forth,' is sufficient to warrant the court in reading into the claim, in order to uphold the patent, the function set forth in the specification in the sentence beginning, 'Furthermore, the fastening nails,' etc."

The patent was again before the court in Cary Mfg. Co. v. Standard Metal Strap Co. (C. C.) 113 Fed. 429, where it was held that the Cary patent, No. 403,247, dated May 14, 1889, for a reel for box straps, is not infringed by the defendant's reel in view of a partial anticipation thereof by Fleisher's reissued patent No. 9,019, dated January 6, 1880. In the Fleisher's reissued patent No. 9,019, dated January 6, 1880, which was a similar reel for coils of braid, there was an elastic band over the outer ends of the arms in notches for drawing them together, and thus furnishing the brake action by pressing the arms against the coiled braid. In the reel of the Standard Metal Strap Company the arms are slotted, and the coil rests upon its lower edge for braking, and the arms would not brake unless the user should drive the outer nail or pin deep enough to bind the coil between the arms there; the moving center not permitting the pin, or whatever is used for an axle, to be driven into the support for that purpose. The court says:

"So there does not now appear to be sufficient scope left of the plaintiff's patent to cover the defendant's reel as it is furnished to users. The outer holes are for hanging it up, and not for braking in unwinding, and there are no central pins or nails to be driven into the support for binding the arms together upon the coil to brake it in unwinding."

The case of Cary Mfg. Co. v. Standard Metal Strap Co. was taken to the Circuit Court of Appeals (120 Fed. 945, 57 C. C. A. 235), where the decree was affirmed, and Townsend, C. J., writing the opinion, said:

"The second claim—the only one in suit—comprises a reel consisting of a spool mounted on a hollow axle, and a frame composed of two parallel arms extending diametrically across said spool in opposite directions and beyond its rim, and which are united at their outer ends, and have openings in said outer ends adapted to receive fastening pins. The only novel element in this construction consists of 'the nail holes in the outer ends of the frame, which may be used both in fastening the reel to a support and in braking the strap coil by loosening or tightening the pressure of the arms thereon. The frame in defendant's reel is slotted from the center downwardly, in order to permit the strap as it is unwound to descend and rest upon the bottom of the frame or support, which thus acts as a brake. In the patented device the brake action may be effected by means of the nails exerting side pressure on the frame; in defendant's device by a slot and gravity. But because one form of defendant's device has also nail holes at the outer ends of said frame, by means of which the reel may be fastened to a support, complainant claims that it infringes the patented device. This contention is urged on the theory that 'those holes are for anything for which they can be used without change, and, since they are exactly such holes as those of the claim of the patent, arranged just as those holes are arranged, and combined with exactly such other elements, they come within that claim, whether defendant so uses them or not.' We cannot assent to this view. The defendant has provided its reel with an independent, noninfringing brake device, which apparently is satisfactory and sufficient for all practical braking purposes. It has thereby dispensed with the necessity of infringing the patented brake device. It has also provided in the appropriate place nail holes, the usual means employed where it is desired to fasten a device to a support. The patentee acquired no monopoly in his construction for this latter purpose. As Judge Lacombe said in the former case: 'It certainly was not invention to punch nail holes in the arms so as to fasten the device against a post.' The mere fact that the nail holes provided

for a legitimate purpose might possibly be perverted to an illegitimate use is not, in these circumstances, sufficient to support the charge of infringement."

It will be noticed that the decision of the Circuit Court of Appeals is based upon the fact that in the patent in suit the brake action is affected by means of the nails exerting side pressure on the frame, while in the device of the defendant the Standard Metal Strap Company the brake action was effected by means of a slot and gravity.   In other words, the brake action of the two patents were and are entirely different, acting in a different manner and on different principles.

In the case now before the court the defendant produces the brake action by means of holes and nails, or pins passing through these holes, and thereby exerting side pressure on the frame.   In short, while the defendant has changed the location of the holes, and of the pins or nails passing through these holes, he effects the same purpose and result by the same means and in substantially the same mode and manner as is done in the complainant's patent.

Following the decision of Judge Lacombe in Cary Mfg. Co. v. De Haven, 88 Fed. 698, and conceding that the complainant's patent is a very narrow one, it is impossible to hold that the defendant's device does not infringe the complainant's patent.

The court holds that the complainant's patent is valid for the reasons stated and in the respect stated, and that the defendant has infringed and is infringing.   The complainant is entitled to a decree for an injunction and an accounting.